**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FT. PIERCE DIVISION**

MICHAEL NOEL, KATHLEEN
WIKSTEN, and CLAIRE LADOUCEUR
on behalf of themselves and all others                        CASE NO: 2:21-CV-14492-DMM
similarly situated,

           Plaintiffs,

v.

MHC HERITAGE PLANTATION LLC,
and EQUITY LIFESTYLE PROPERTIES,
INC., f/k/a MANUFACTURED HOME
COMMUNITIES, INC.

           Defendants.

_____

**DEFENDANTS' MOTION TO PRECLUDE USE**
**OF EVIDENCE AND LIMIT DAMAGES**

Defendants, MHC Heritage Plantation, LLC ("**MHC Heritage**") and Equity Lifestyle

Properties, Inc. ("**ELS**"), by and through undersigned counsel and pursuant to Rules 26 and 37 of

the Federal Rules of Civil Procedure, move for entry of an order: (1) precluding Plaintiffs from:

(i) using in connection with any motion, at any hearing, or at trial of this matter, testimony from a

witness not disclosed in Plaintiffs' Rule 26(a)(1) disclosures on April 18, 2022; (ii) using in

connection with any motion, at any hearing, or at trial of this matter, any evidence not disclosed

in Plaintiffs' Rule 26(a)(1) disclosures on April 18, 2022; and (iii) seeking any damages relating

to personal property damage, economic losses, loss in value of any mobile home, or similar

property or economic harm, and (2) lifting any restrictive condition imposed on Defendants' rights

to communicate with putative class members.

**PRELIMINARY STATEMENT**

In December 2021, Plaintiffs filed their 48-page, 141-paragraph putative Class Action Complaint. (Doc. 1). Plaintiffs seek the Court's certification to take on the responsibility of representing a class of "hundreds and perhaps even thousands" of absentee members in a fiduciary capacity, representing that each Plaintiff and their chosen legal counsel of record are "adequate" to take on that task. (Doc. 1 at ¶ 98). The Parties conducted a discovery meeting on April 7, 2022 and agreed to exchange "automatic" Rule 26(a)(1) disclosures on April 18, 2022. The deadline for Plaintiffs to file their motion for class certification is the same day this motion is submitted – April 22, 2022 – only four days after the deadline for the Parties' initial Rule 26(a)(1) disclosures.[1] Defendants' current deadline to respond to a class certification motion is May 6, 2022, only 18 days after the initial disclosure deadline. And the discovery cut-off date in this case is June 6, 2022, just 49 days after the April 18 deadline for initial disclosures. Local Rule 26.1(d) specifies that all depositions shall occur prior to the cut-off date, meaning written discovery must be served by May 6, 2022. All written discovery must be served in sufficient time that the response is due on or before the cut-off date. *Id.* Time is of the essence in this case, and the Parties' compliance with Rule 26, *Fed.R.Civ.P.*, and case management deadlines is crucial to avoid unreasonable prejudice to the opposing party.

On April 18, 2022, Plaintiffs served "Plaintiffs' Rule 26(A)(1) Disclosures." (Exhibit "A," hereto). Plaintiffs' disclosures are non-compliant with even the most basic disclosure obligations imposed by Rule 26(a)(1). For example, the only putative class members identified as having discoverable information are the three Plaintiffs themselves. Plaintiffs admit that "current and former residents of the Park" have knowledge regarding certain general matters. (Ex. "A" at p. 2).

---

[1] Plaintiffs have filed a pending motion to enlarge this and other deadlines. (Doc. 35).

But no such residents are identified in Plaintiffs' disclosure. Instead, Plaintiffs unilaterally grant themselves an extension of time, declaring: "<u>Plaintiffs will identify such individuals in addition to Plaintiffs as soon as reasonably possible</u>." *Id*. at p. 3 (emphasis added).

**<u>Plaintiffs failed to disclose individuals with discoverable information that Plaintiffs may use or already have used to support their claims</u>.**

Prior to filing their Complaint, Plaintiffs knew the identities of dozens (at least) of residents having discoverable information that Plaintiffs may use in support of their claims. *Proof of that is in their Complaint*. The Complaint makes specific references to the circumstances or experiences of dozens of intentionally unidentified homeowners. (*See, e.g.*, Doc. 1 at ¶¶ 57-58; 71-73; 75; 78; 80-81; 88 and 92). Plaintiffs *quote* a 38-word statement in 2009 attributed to one unidentified homeowner in Paragraph 57 and *quote* two 2020 statements from the same individual in Paragraph 58 (specifying a $10,000 repair expenditure). In Paragraph 60, Plaintiffs quote a January 2021 "notification" from Plaintiff Wiksten to ELS. In the quoted notice, she uses the "HPAC" nametag by which Plaintiffs' splinter group of dissenting HOA Members collectively refer to themselves, stating:

> **HPAC has gathered statements and affidavits of homeowners who have tried to have their injuries, concerns, repairs of safety issues, etc. addressed by ELS Management and property manager Rebecca Ruby to no avail.**
>
> **\* \* \***
>
> **With no corrective actions evident BECAUSE OF THE YEAR AFTER YEAR flooding issues …….. we have formalized our complaints and are requesting Federal, State and local government offices to intervene**.

(Doc. 1 at ¶ 60) (emphasis added). Despite this admission that since at least January 2021 Plaintiffs have had knowledge and apparently possession of statements and affidavits of "homeowners," none of these homeowners and none of the statements or affidavits gathered from them are identified or produced by Plaintiffs in their Rule 26(a)(1). So too, none of the "complaints"

3

Plaintiffs have "formalized" are disclosed or produced. Nor are the identities of any of the other members of Plaintiffs' "HPAC" group disclosed, all of whom should have the same (and possibly more) discoverable information Plaintiffs may use to support their claims.

And these are not the only specific references in the Complaint to unidentified individuals with discoverable information Plaintiffs have *already* relied on in bringing this action. In Paragraphs 71-73, they make specific references to at least eight unidentified homeowners who allegedly had to replace flooring because of flood damage. Plaintiffs allege that one of these homeowners "notified management about it."  *Id*. at ¶ 71. Plaintiffs allege one homeowner had to replace "her" floors in 2013 and "they need to be replaced again."  *Id*. at ¶ 72. Plaintiffs allege "[i]n 2017, the flood water was three or four feet high and water came into a resident's home. He replaced the floors down to the beams, and the cost of the repair was over $12,000, during which he was displaced for a week."[2]  *Id.* Plaintiffs complain that:

> One mobile homeowner had to replace all ductwork in his home. Another has moldy air conditioner filters, but she is unable to pay to replace them yet her electric bills have increased to nearly $200 per month. She notified Defendants' management, who told her it was an "act of God."

*Id.* at ¶ 73.

Similar specific references to unidentified homeowners exist throughout the Complaint. The following is not a complete list.

- a homeowner's car needed new brakes and an anti-lock brake system (¶ 74)

- a homeowner had to change brake pads and replace rotors on his car (¶ 74)

- a wall under a homeowner's mobile home "caved in" (¶ 76)

- another couple's home allegedly "cracked" (¶ 76)

---

[2] This is likely a reference to the flooding that occurred across Indian River County during Hurricane Irma in 2017.

- another couple's cement planter and wall collapsed, and when they reported it to Defendants' manager she allegedly laughed and said she was busy cleaning up fish in the road (¶ 76)

Paragraph 78 contains a list referencing <u>15</u> homeowners and describing the physical injuries they have allegedly suffered. Paragraph 80 describes an unidentified woman who allegedly tripped in a pothole on April 15, 2019 while walking home "after bingo at the clubhouse." She hit her head and was dazed and unable to move "for about 10 minutes" until she was assisted by another unidentified resident and then taken to the hospital. Paragraphs 81, 83, 88, and 92-93 contain other specific references to unidentified homeowners who are not, as required, disclosed in Plaintiffs' Rule 26(a)(1) disclosures.

**<u>Plaintiffs failed to disclose documents they may use or already have used to support their claims</u>.**

Plaintiffs also fail to disclose or fully disclose documents they may use or have already used to support their claims. The "statements and affidavits of homeowners" referenced by Ms. Wiksten and quoted in Paragraph 60 of the Complaint (see above) were not "disclosed" as required by Rule 26(a)(1)(ii). Plaintiffs imbed 35 photographs in their Complaint. It is implausible that these are the only photographs in their possession that they may use, yet no others were disclosed. Plaintiffs quote a portion of a 2005 "note" from the Florida Department of Health (¶ 56) but failed to disclose it. The same is the case with a quoted complaint to the Florida Department of Health (¶ 57). They make repeated references to written complaints from unidentified homeowners yet do not disclose any of these complaints.

**<u>Plaintiffs failed to disclose any damage computations</u>.**

Plaintiffs failed to produce any computation of the several categories of *calculable* "personal property damage; economic losses; reduced mobile home values" damages they seek on their own behalf or on behalf of any putative class member. *See, e.g.*, Doc. 1 at ¶ 110. They

disclosed no total or even estimate of the property damages allegedly suffered <u>by any of them</u> or by any putative class member, much less the computation required.[3] The same is the case with respect to the alleged diminution of value of mobile homes at the Park or any other "economic losses." Plaintiffs disclosed no such damages suffered by them or anyone else and, obviously, no computation of those damages. The discovery deadline is just over a month out in early-June and Plaintiffs do not even disclose *their own* property and economic damages. It is not possible that they had no information on April 18, 2022, relating to the amount and computation of their damages.

If Plaintiffs intend to put a damage amount to the jury for the "mental anguish" or "stress-related physical symptoms" alleged, they were likewise obligated to disclose the amounts and computations on April 18, 2022, and they should be barred from doing so. Defendants acknowledge that if Plaintiffs do not intend to put or suggest a damage amount to the jury for these alleged harms, disclosure is likely not required. But Plaintiffs should be barred from putting or suggesting to the jury any specific amount for such harm. *See Hovanec v. Miller*, 331 F.R.D. 624, 637 (W.D. Tx. 2019); *see also, E.E.O.C. v. Service Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012) (affirming a district court's instruction that the EEOC would not be able to argue specific damages amount before the jury when it failed to provide damages computations).

**Plaintiffs granted themselves a reprieve and extension of time to make their disclosures.**

Plaintiffs' April 18 Rule 26(a)(1) disclosures are materially and prejudicially non-compliant. Defendants immediately upon receipt and review notified Plaintiffs on April 18 of the insufficiencies and demanded compliance on or before April 20. Plaintiffs did not amend or

---

[3] "Totals" or "estimates" do not satisfy the disclosure standards imposed by Rule 26(a)(1)(iii). *See Gym Door Repairs, Inc. v. Young Equipment Sales, Inc.*, 331 F.Supp.3d 221, 237-38 (S.D.N.Y. 2018); *Foodbuy, LLC v. Gregory Packaging, Inc.*, 987 F.3d 102, 117 (4th Cir. 2021).

supplement their disclosure on April 20. Instead, Plaintiffs responded they were unilaterally granting themselves a 9-day enlargement of time:

> Tripp and Allen - We have reviewed your email. While we strongly disagree with your characterizations and conclusions about the propriety of Plaintiffs' Rule 26 disclosures, we will supplement the disclosures to identify other owners and residents of the Park who we believe support the allegations in the complaint no later than Wednesday April 27, 2022. – Lynn   (emphasis added).

Plaintiffs make no reference to the undisclosed documents and missing damage computations.

## MEMORANDUM OF LAW

Rule 26(a) requires that parties disclose information automatically, without the need for discovery requests. At the commencement of discovery, each party must disclose: (1) the identity of individuals with discoverable information that the party may use to support the party's own claims or defenses; (2) a copy of documents that the party may use to support its own claims or defenses or a description of those documents by category and location; and (3) a computation of each category of damages with supporting documentation. Rule 26(a)(1)(i – iii), *Fed. R. Civ. P.* Parties must make their initial disclosures based on the information then "reasonably available." *Id.* Parties and lawyers have a duty to conduct an investigation to determine what discoverable information is reasonably available. *See Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1223 (10th Cir. 2015). A party may not avoid these initial disclosure requirements by claiming the party's investigation is not complete. Rule 26(a)(1)(E), *Fed.R.Civ.P.*

Rule 37, *Fed.R.Civ.P.*, gives this Court discretion to fashion the appropriate remedy for Plaintiffs' failure to make the initial disclosures required by Rule 26(a)(1). *See Taylor v. Mentor Worldwide LLC,* 940 F.3d 582, 593 (11th Cir. 2019). "If a  party fails to provide information or identify a witness as required by Rule 26(a) ..., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was

7

substantially justified or is harmless." *Phillips v. Delta Air Lines*, 2021 WL 6750538, *2 (S.D. Fla. Nov. 11, 2021)(J. Middlebrooks)(quoting Rule 37(c)(1)). "Relevant factors in determining whether to exclude an untimely disclosed witness include: (1) the explanation for the failure to disclose the witness, (2) the importance of the testimony, and (3) the prejudice to the opposing party if the witness had been allowed to testify." *Id*. (internal quotations omitted). The burden rests upon the non-producing party - Plaintiffs in this case - to demonstrate that their actions were substantially justified or harmless. *Id*. A finding of bad faith is unnecessary. *Quesenberry v. Volvo Group North America, Inc.*, 267 F.R.D. 475, 478 (W.D. Va. 2010). Generally, disclosing the identity of a witness or producing the documents in discovery will not excuse failure to disclose under Rule 26(a)(1) because that does not put the other party on notice that the producing party may use that witness or those documents to support the party's claims or defenses. *Morris v. BNSF Railway Company*, 969 F.3d 753, 765 (7th Cir. 2020).

Due to the specific references in their Complaint, it is indisputable that Plaintiffs had knowledge of the undisclosed witness information and possession of the undisclosed documents *before* they filed this action. Plaintiffs also had knowledge of items of calculable damages. Defendants do not know at this point the reason for Plaintiffs' failure. Defendants cannot hypothecate a substantial justification for Plaintiffs' failure. But Plaintiffs bear the burden of showing the failure was substantially justified. Alternatively, they must show their failure is harmless, which they cannot do here.

Plaintiffs are seeking to use an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only. *See, Fitzhenry v. ADT Corp.*, 2014 WL 6663379, *2 (S.D. Fla. Nov. 3, 2014). That brings with it burdens and requires that Plaintiffs prove they can adequately prosecute the action. Even more, Plaintiffs requested that the Court limit

Defendants from investigating and finding this concealed information themselves by restricting Defendants' Constitutional and due process rights to communicate with the putative class members. Defendants are limited to communicating in writing (and only then, copying Plaintiffs' counsel in violation of Defendants' rights under the work-product doctrine). It is impossible for Defendants to initiate written communications with undisclosed fact witnesses.  Plaintiffs have asked for and received special advantageous treatment from the Court. Plaintiffs asked for and the Court imposed extraordinary disadvantageous treatment on Defendants. Now Plaintiffs have failed to hold up one of their first important obligations – Rule 26(a)(1) disclosures – resulting in unreasonable prejudice to Defendants.

On the other side of the coin, the class context imposes additional burdens on Defendants they did not volunteer to shoulder like Plaintiffs. Defendants' Constitutional rights have been curtailed at Plaintiffs' request. Both Defendants are forced to fight with one of their hands tied behind their back. They are defending against claims of undisclosed property damage, economic losses, diminution in home value, mental anguish and stress-related physical symptoms allegedly suffered by "hundreds and perhaps even thousands" of unidentified individuals. (Doc. 1 at ¶ 98). Unlike Plaintiffs, Defendants did not have the luxury of choosing when this action was filed. Unlike Plaintiffs, Defendants did not have time of their choosing to prepare for the lawsuit before it was initiated. And Defendants have not sat on their (bound) hands here.

Plaintiffs' failure to make timely Rule 26(a)(1) disclosures significantly impedes Defendants' preparation of their defense and response to class certification, which imposes unreasonable prejudice on Defendants. Plaintiffs have enjoyed tremendous informational and discovery advantages in this case. Yet when time finally came for them to disclose the information, they refused to do so, electing to keep that informational advantage to themselves. In the context

of this case, Plaintiffs are not entitled to any further accommodations by the Court or advantageous treatment in terms of the sanctions imposed on Plaintiffs.

**RELIEF REQUESTED**

For the foregoing reasons, Defendants request that the Court enter an Order:

(1) precluding Plaintiffs from: (i) using in connection with any motion, at any hearing, or at trial of this matter, testimony from a witness not disclosed in Plaintiffs' Rule 26(a)(1) disclosures on April 18, 2022; (ii) using in connection with any motion, at any hearing, or at trial of this matter, any evidence not disclosed in Plaintiffs' Rule 26(a)(1) disclosures on April 18, 2022; (iii) seeking any damages relating to personal property damage, economic losses, loss in value of any mobile home, or similar property or economic harm; and (iv) arguing or suggesting any specific amount of damages for mental anguish, stress-induced physical symptoms, and related harm;

(2) modifying the restrictions imposed upon Defendants' rights to communicate with putative class members enabling Defendants to investigate Plaintiffs' claims, locate witnesses, and preserve their work product;

(3) fashioning such other and further relief as will eliminate the unreasonable prejudice to Defendants;

(4) awarding Defendants their reasonable attorneys' fees incurred in bringing this motion; and

(5) granting such other and further relief as may be just and proper.

## CERTIFICATE OF CONFERRAL WITH OPPOSING COUNSEL

As addressed above, on April 18, 2022, prior to filing this motion, undersigned counsel conferred with Plaintiffs' counsel regarding Plaintiffs' non-compliant Rule 26(a)(1) disclosures and demanded Plaintiffs bring them into compliance by April 20, 2022. Plaintiffs refused.

Respectfully Submitted,

**LUTZ, BOBO & TELFAIR, P.A**

*/s/ J. Allen Bobo*
J. Allen Bobo
Florida Bar No. 0356980
2 North Tamiami Trail, Suite 500
Sarasota, FL  34236-5575
T: (941) 951-1800
F: (941) 366-1603
E: jabobo@lutzbobo.com
  ahodgins@lutzbobo.com
*Co-Counsel for Defendants*


*and*


*/s/ Mahlon H. Barlow*
Mahlon Barlow
Florida Bar No. 871117
mbarlow@sbwlegal.com
mhbassistant@sbwlegal.com
Nicholas R. Consalvo
nconsalvo@sbwhlegal.com
ddevlin@sbwlegal.com
SIVYER BARLOW & WATSON, P.A.
Truist Place
401 E. Jackson Street, Suite 2225
Tampa, FL 33602
Main: (813) 221-4242
Fax: (813) 227-8598
*Co-Counsel for Defendants*

11

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon Robert C. Gilbert, Esq., Daniel E. Tropin, Esq., Kopelowitz, Ostrow Ferguson, Weiselberg & Gilbert, 2800 Ponce de Leon Blvd, Suite 1100, Coral Gables, Florida 33134 gilbert@kolawyers.com, tropin@kolawyers.com, Elizabeth A. Fegan, Esq., Fegan Scott LLC, 150 S. Waker Drive, 2th Floor, Chicago, IL 60606 beth@feganscott.com, Lynn A. Ellenberger, Esq., Fegan Scott LLC, 500 Grant Street, Suite 2900, Pittsburgh, PA 15219 lynn@feganscott.com via the Southern District Court E-portal on this 22nd day of April, 2022.

/s/ Mahlon H. Barlow
Attorney

12