UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14492-CIV-MIDDLEBROOKS/MAYNARD

MICHAEL NOEL, KATHLEEN
WIKSTEN, and CLAIRE LADOUCEUR,

    Plaintiffs,

v.

MHC HERITAGE PLANTATION, LLC,
*et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before me upon a Motion to Preclude Use of Evidence and Limit Damages, filed by Defendants, MHC Heritage Plantation, LLC ("MHC Heritage") and Equity Lifestyle Properties, Inc. ("ELS"). DE 41. Plaintiffs have filed a response in opposition. DE 45. MHC Heritage and ELS have filed a reply. DE 54. The Motion has been referred to me for appropriate disposition by presiding U.S. District Judge Donald M. Middlebrooks. DE 71.

Having carefully reviewed the briefing and being otherwise fully advised, I respectfully **RECOMMEND** that the Motion be **DENIED** for the following reasons.

## BACKGROUND

On December 21, 2021, Plaintiffs filed a Class Action Complaint alleging that Defendants have failed to provide Plaintiffs and other similar situated mobile homeowners residing at Heritage Plantation mobile home park with essential services for their homes,

including paved streets, sewer lines, and, when it rains, an adequate storm drainage system. DE 1. Plaintiffs allege that this failure has caused them to sustain personal injuries and property damage, and they assert claims for breach of contract, breach of the covenant of quiet enjoyment, negligence, private nuisance, and trespass. *Id.* On May 6, 2022, Plaintiffs amended their complaint and added three new Defendants to this action. DE 49. Defendants have all filed answers with general denials and affirmative defenses. DE 61, DE 84.

Fact discovery is now closed. Expert discovery is ongoing and is expected to be completed by the recently-extended deadline of October 31, 2022. DE 97. Plaintiffs have filed a revised motion for class certification, which remains pending. DE 50. This case is presently set for trial during the two-week trial period beginning January 3, 2023. *Id.*

Defendant MHC Heritage owns Heritage Plantation mobile home park, and Defendant ELS operates it. In the instant Motion, these two Defendants seek to preclude Plaintiffs from (i) relying on any witness not included in Plaintiffs' Rule 26(a)(1) initial disclosures served on Monday, April 18, 2022; (ii) using any evidence not disclosed therein; and (iii) seeking damages for personal property and other categories of economic losses. These Defendants also ask the Court to lift any restriction on Defendants' right to communicate with the putative class members.[1] In support of these requests, Defendants maintain that Plaintiffs' initial disclosures were "materially and prejudicially" non-compliant in that, among other things, they included only the three named Plaintiffs despite

---

[1] As to this request, Judge Middlebrooks issued an Order on June 13, 2022 that lifted a previously-imposed restriction on Defendants' ability to communicate with putative class members. DE 80. This Order renders moot this request by Defendants such that it need not be addressed further.

the complaint's allegations regarding numerous other homeowners and because Plaintiffs failed to disclose any meaningful computation of damages sought.

Plaintiffs counter that Defendants failed to meaningfully confer in good faith on this issue and, in any regard, the issue is now moot. Plaintiffs maintain that within days of being alerted by Defendants to a potential issue with the initial disclosures, Plaintiffs served supplemental disclosures on Friday, April 22, 2022. Plaintiffs' supplemental disclosures identify over 70 individuals and Plaintiffs contend that 800 pages of relevant questionnaires and other discoverable documents were also provided to Defendants. Regarding damages, Plaintiffs contend that their class certification motion suggests that certain damages may be calculated by experts relying on Defendants' documents and certain other damages need not be precisely computed as part of Rule 26 disclosures. Plaintiffs attach an affidavit by their counsel, Lynn Ellenberger, which provides an overview of the pertinent events and includes an attached exchange of emails among counsel together with a copy of Plaintiffs' supplemental disclosures. DE 45-1.

In their Reply, Defendants MHC Heritage and ELS maintain that Plaintiffs initial disclosures were "inexcusably non-compliant" and that the supplemental disclosures fare no better. These Defendants assert that Plaintiffs continue to disclose witnesses on a rolling basis and have still failed to provide any damages computation. Defendants argue that Plaintiffs' failure to timely provide complete initial disclosures is "gamesmanship" that "significantly impedes Defendants' preparation of their defenses and their response to class certification, which imposes unreasonable prejudice on Defendants." DE 54 at 7.

## **DISCUSSION**

Federal Rule of Civil Procedure 26 imposes disclosure and discovery obligations on litigants in a lawsuit. Fed. R. Civ. P. 26. Rule 26(a) governs required disclosures, which lists information that "a party must, without awaiting a discovery request, provide to the other parties." *Id.* Rule 26 obligates parties to exchange:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(i)-(iii).

A party must then supplement or correct the disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). If a party fails to timely supplement its disclosures, as required by Rule 26(e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P.

37(c)(1).  A court, "[i]n addition to or instead of this sanction," may order "payment of the reasonable expenses, including attorney's fees, caused by the failure," "may inform the jury of the party's failure," or "may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."  Fed. R. Civ. P. 37(c)(1).

The "party who is alleged to have failed to comply with Rule 26 bears the burden to show that its actions were substantially justified or harmless."  *See RLI Ins. Co. v. Alfonso*, 2021 WL 430720, at *9–10 (S.D. Fla. Feb. 8, 2021) (explaining that non-disclosure under Rule 26 must be substantially justified or harmless and noting that the burden of showing substantial justification or harmlessness is on the non-disclosing party).  Courts consider "the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted."  *Lips v. City of Hollywood*, 350 Fed. Appx. 328, 340 (11th Cir. 2009).

Here, I find that Defendants prematurely filed their motion without abiding by the letter and spirit of the Local Rules' good faith conferral requirement.  A review of attorney Ellenberger's affidavit and the attached exchange of emails reveals that Defendants' counsel first reached out to Plaintiffs' counsel regarding the alleged deficiencies in the initial disclosures the same Monday those disclosures were served (April 18, 2022).  Plaintiffs' counsel responded that Wednesday morning (April 20, 2022) and indicated that supplemental disclosures would be provided by no later than the following week on Wednesday.  Notwithstanding Plaintiffs' offer to supplement their disclosures, Defendants filed their Motion on Friday (April 22, 2022) seeking the extreme remedies of outright precluding Plaintiffs from using undisclosed witnesses and evidence in this proceeding.

Plaintiffs supplemented their disclosures the same day the Motion was filed and provided an extensive list of witnesses together with pertinent documents. Under the circumstances, I do not find a substantial delay or inexplicable failure by Plaintiffs to comply with Rule 26's disclosure requirements as required to impose the extreme sanctions sought by Defendant.

In addition, I find that Defendants have not articulated sanctionable prejudice. At the time the Motion was filed, the parties were engaged in discovery and the record reflects a flurry of activity relating to the issue of class certification. That class certification motion has since been revised and is now fully briefed. There is no sign that Defendants have been hampered or prejudiced in their ability to defend this case.

Defendants cite to the decision in *Phillips v. Delta Air Lines*, No. 21-CV-80413-Middlebrooks/Matthewman, 2021 WL 6750538, at *2 (S.D. Fla. Nov. 11, 2021) in which Judge Middlebrooks issued an Order barring two lay witnesses from testifying at trial and striking their witness declarations. The plaintiff in *Phillips* had failed to identify these two trial witnesses in her initial disclosures, answers to interrogatories, and witness list, and first disclosed them in her opposition to summary judgment after discovery had closed. There, Judge Middlebrooks found Plaintiff's failure to disclose these witnesses and supplement prior incomplete dislcosures was not substantially justified under Rule 26. *Phillips* is distinguishable from the instant matter where Plaintiffs supplemented their disclosures within a matter of days and have demonstrated an ongoing willingness to supplement their affirmative disclosures as required.

Despite the premature nature of instant Motion, on the issue of disclosing damage computations, I find that Defendants' position has some merit. Defendants seek to prohibit

Plaintiffs from presenting evidence or argument of certain categories of damages on grounds that Plaintiffs have failed to provide the required computation under Rule 26(a)(1)(A)(iii). In response, Plaintiffs assert that their pending class certification motion suggests that certain damages will require experts relying on Defendants' documents and precise computation under Rule 26 is not required for emotional distress damages. I am not persuaded by Plaintiffs' response on this issue. Rule 26 clearly requires parties to affirmatively disclose "a computation of each category of damages claimed" together with supporting material. Notwithstanding the contents of their class certification motion, Plaintiffs have a basic, continuing obligation to provide a computation of damages sought to the best of their ability, which can be supplemented as needed as the case progresses. A wholesale prohibition on Plaintiffs' presentation of damages as requested by Defendants is not warranted. However, to the extent Plaintiffs have not yet complied with Rule 26's requirement to disclose damage computations, I recommend that they be required to do so.

## CONCLUSION

Based on the foregoing, I respectfully **RECOMMEND** that the Motion to Preclude Use of Evidence and Limit Damages, DE 41, be **DENIED** as follows. Defendants' request to preclude Plaintiffs from presenting witness testimony and other evidence not included in Plaintiffs' Rule 26 disclosures is unwarranted and should be denied. Defendants' request to preclude evidence or argument concerning damages should be denied without prejudice and, to the extent not already provided, Plaintiffs should be ordered to (1) provide to Defendants supplemental disclosures with damage computations and supporting materials in compliance with Rule 26(a)(1)(A)(iii) within five (5) days of any Order on this report and

recommendation or sooner, and (2) promptly file a notice of compliance confirming that this has been done.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Donald M. Middlebrooks. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 15th day of July, 2022.

_____
SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE