**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FT. PIERCE DIVISION**

MICHAEL NOEL, KATHLEEN
WIKSTEN, and CLAIRE LADOUCEUR
on behalf of themselves and all others
similarly situated,

      Plaintiffs,

v.                                     CASE NO: 2:21-CV-14492-DMM

MHC HERITAGE PLANTATION LLC,
EQUITY LIFESTYLE PROPERTIES,
INC., f/k/a MANUFACTURED HOME
COMMUNITIES, INC., MHC OPERATING
LIMITED PARTNERSHIP, MHC PROPERTY
MANAGEMENT GP LLC, and MHC
PROPERTY MANAGEMENT LP.,

      Defendants.
_____

**DEFENDANTS' MOTION TO STRIKE EXPERT REPORT OF JEFFREY S. ROTHBART IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Defendants, MHC Heritage Plantation LLC, Equity Lifestyle Properties, Inc, MHC Operating Limited Partnership, MHC Property Management GP LLC, and MHC Property Management LP, by and through undersigned counsel and pursuant to *Fed. R. Civ. P.* 37(c)(1), move for entry of an order striking the Expert Report of Jeffrey S. Rothbart (DE 50-32) filed by Plaintiffs in support of their Revised Motion for Class Certification and Incorporated Memorandum of Law (the "**Class Certification Motion**") (DE 50), and as grounds therefor state:

**Memorandum of Facts and Law**

**I.    Background.**

Plaintiffs support their Class Certification Motion with the *preliminary* expert report of Jeffrey Rothbart with promises he will calculate damages on a class-wide basis. (DE 50-32). Upon motion by Plaintiffs, the Court entered an Amended Pretrial Scheduling Order extending the deadline for Plaintiffs to disclose all expert witnesses they intend to call to testify at trial. (DE 97).

The purpose of Plaintiffs motion for enlargement was to provide their experts with sufficient time to finalize their preliminary opinions. (DE 76). The Order stated in pertinent part:

> Plaintiff shall provide opposing counsel with a written list with the names and addresses of all expert witnesses intended to be called at trial and *only those expert witnesses listed shall be permitted to testify*. Plaintiff shall also furnish opposing counsel with expert reports or summaries of its expert witnesses' anticipated testimony in accordance with *Fed. R. Civ. P.* 26(a)(2). (DE 97, p. 4) (emphasis added).

Plaintiffs served their Rule 26(a)(2) Expert Disclosures on October 10, 2022, identifying two retained expert witnesses, Robert Ross and Stephen Boyle. A true and accurate copy of the Plaintiffs' Rule 26(a)(2) Expert Disclosures is attached hereto as **Exhibit "A."** Mr. Rothbart is not listed as an expert witness by Plaintiffs in their expert disclosures and Plaintiffs did not serve a final report of retained expert Rothbart.

On October 20, 2022, the Court issued an Order denying Defendants' Motion for Evidentiary Hearing on the Class Certification Motion finding a hearing unnecessary because the parties have filed "expert declarations" and other record evidence. (DE 134) Prior to filing this motion, Defendants requested that Plaintiffs notify the Court that they have removed Mr. Rothbart as an expert witness and to withdraw his report so that the Court does not consider it in ruling on the Class Certification Motion. Plaintiffs refused that request.

## II.  Argument.

### a.  The report does not comply with Rule 26(a).

Plaintiffs cannot rely on Mr. Rothbart as an expert witness in support of class certification or for any other purpose. Rule 37(c)(1) states that [i]f a party fails to provide the information required by Rule 26, "the party is not allowed to use that information or witness to supply evidence on a *motion*, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added).

Federal Rule of Civil Procedure 26(a)(2)(A) governs expert disclosures and reports. The report must contain, among other things, the following information: a complete statement of all the opinions the expert plans to express and the basis and reasons for them; the facts or data considered by the witness in forming them; and any exhibits intended to be used in summarizing or supporting the opinions. *Fed. R. Civ. P.* 26(a)(2)(B)(i)-(iii). These disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C).

"Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise ... compliance with the requirements of Rule 26 is not merely aspirational." *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004) (internal citation omitted), overruled on other grounds, *Ash v. Tyson Foods, Inc*., 546 U.S. 454 (2006). To this end, Rule 37(c)(1) provides a self-executing sanction for untimely or inadequate expert reports. Rule 37(c)(1) states that [i]f a party fails to provide the information required by Rule 26, "the party is not allowed to use that information or witness to supply evidence on a *motion*, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Fed. R. Civ. P.* 37(c)(1) (emphasis added).

This is not a typical case where a party has made an untimely or incomplete disclosure of an expert it intends to call at trial. Instead, Plaintiffs have affirmatively chosen to substitute Mr. Rothbart with Stephen Boyle which they are free to do. By choosing to do so, however, they are now precluded from relying upon Mr. Rothbart's preliminary and incomplete report to support their previously filed, and still pending, Class Certification Motion or for any other purpose in this litigation. *Fed. R. Civ. P.* 37(c)(1). Similarly, this is not a case where an expert provided a declaration on a motion which has been completely resolved and was later removed as an expert. The Class Certification Motion remains pending and Rules 26(a) and 37(c)(1) govern whether expert reports may be considered in ruling on the Motion. In this instance, Mr. Rothbart's preliminary report does not comply with the requirements of Rule 26(a)(2)(B) and should not be considered.

Mr. Rothbart's report fails to satisfy the requirements of Rule 26(a)(2)(B) because it is a *preliminary* report and does not contain any final opinions or conclusions. (DE 50-32) The report expressly states that it is a "Summary of *Preliminary* Opinions" (DE 50-32 at p.3); that "Class-wide damages *can* be calculated" (DE 50-32 at p. 5); and that Mr. Rothbart "*will* conduct an analysis." (DE 50-32 at p. 10) (emphasis added). Indeed, throughout the entirety of the report, Mr. Rothbart repeatedly indicates that he needs additional information not only to determine the inputs for his proposed damages calculations but also to determine which damages formulas to even use. (DE 50-32 at pp. 8-15)  This cannot be deemed sufficient to satisfy the requirements that the report contain a complete statement of all the opinions the expert plans to express and the basis for them, the data considered by the expert in forming the opinions, and any exhibits intended to be used in summarizing or supporting the opinions. *Fed. R. Civ. P.* 26(a)(2)(B)(i-iii).  Mr. Rothbart's report

does not comply with Rule 26(a). It is merely a preliminary report indicating that he <u>may</u> be able to offer opinions in this case, but it is completely lacking in any data, supporting evidence or final conclusions.

Despite the unique circumstances of this case, the admissibility analysis of expert opinions for class certification remains the same. "Where an expert's report or testimony is critical to class certification, a district court must conclusively rule on any challenge to the expert's qualifications or submissions prior to ruling on a class certification motion." *Sher v. Raytheon Co.*, 419 Fed.Appx. 887, 890 (11th Cir. 2011) (citing *American Honda Motor Co., Inc. v. Allen*, 600 F.3d 813, 815-16 (7th Cir. 2010). Here, Mr. Rothbart's report is critical as it goes to Plaintiffs' burden to show class-wide damages under Rule 23. Plaintiffs' Class Certification Motion states that "Mr. Rothbart opines that class-wide damages can be calculated … [and] he can calculate damages on a class-wide basis in several areas based on his experience ..." (DE 50 at p.11) These statements can no longer be relied upon because Mr. Rothbart never did calculate class-wide damages and never will in this case. Mr. Rothbart's testimony and opinions are inadmissible at the trial of this case as Plaintiffs have removed him as an expert witness. Accordingly, his preliminary report is also inadmissible for all purposes including class certification.

      **b. There is no substantial justification for the failure to comply with Rule 26(a).**

As previously stated, this is not a typical case where Plaintiffs made an untimely or inadequate disclosure of an expert and are now seeking to have the Court find substantial justification for their failure. Instead, Plaintiffs have deliberately chosen to go forward with an entirely new expert and remove Mr. Rothbart from the case. An argument that there was substantial justification is wholly inapplicable to the facts at hand.

      **c. Defendants will suffer harm for the failure to comply with Rule 26(a).**

Because Mr. Rothbart's report was preliminary and contained no ultimate conclusions, Defendants have never been provided the opportunity to properly challenge his opinions. Defendants did not depose Mr. Rothbart because his opinions were not finalized and they expected to receive a final report with Plaintiffs' October 10, 2022 expert disclosures. It was not until then that Defendants learned that Mr. Rothbart had been substituted with Mr. Boyle.

Moreover, Plaintiffs have represented in their Class Certification Motion that Mr. Rothbart would be able to calculate damages on a class-wide basis. However, he never did so and never will. The Court may have considered the preliminary report for purposes of class certification on

4

the assumption that Mr. Rothbart would one day be able to finalize his preliminary opinions. However, it is now known unequivocally that Mr. Rothbart could not and will not finalize his opinions. As such, it would be improper and highly prejudicial to Defendants for the Court to consider those preliminary opinions when ruling on class certification.

### d. Mr. Rothbart's report is cumulative.

Mr. Rothbart's report should be stricken as cumulative with that of Mr. Boyle. Mr. Boyle's field of expertise is the same as Mr. Rothbart's – real estate appraisal – and his report contains the same types of opinions and conclusions regarding damages that Mr. Rothbart promised to provide in his preliminary report. *See* curriculum vitae of Stephen Boyle attached hereto as **Exhibit "B."** It would be improper to allow Plaintiffs to have two testifying experts on the same subject matter. *See* Fed. R. Evid. 403; *U.S. v. Frazier*; 387 F.3d 1244, 1263 (11th Cir. 2004) ("Exclusion under Rule 403 is appropriate if ... the expert testimony is cumulative or needlessly time consuming."); *Palma v. Safeco Ins. Co. of Ill.*, 2021 WL 1405507 at *4 (M.D.Fla. April 14, 2021) (limiting expert's testimony to opinions that are not duplicative of other expert's testimony).

## Conclusion

The Court should strike the report of Jeffrey Rothbart and not consider it when ruling on Plaintiffs' Revised Motion for Class Certification or for any other purpose, and grant such other and further relief as may be just and proper.

## CERTIFICATE OF CONFERRAL WITH OPPOSING COUNSEL

Undersigned counsel certifies that, on October 24, 2022, via Zoom conference, Defendants conferred with counsel for Plaintiffs regarding withdrawing the Declaration of Jeffrey Rothbart, and Plaintiffs are not agreeable to same.

Respectfully Submitted,

**LUTZ, BOBO & TELFAIR, P.A**

*/s/ J. Allen Bobo*
J. Allen Bobo
Florida Bar No. 0356980
2 North Tamiami Trail, Suite 500
Sarasota, FL  34236-5575
T: (941) 951-1800
F: (941) 366-1603

5

>E: jabobo@lutzbobo.com
>    ahodgins@lutzbobo.com
>*Co-Counsel for Defendants*
>
>    and
>
>*/s/ Mahlon Barlow*
>Mahlon Barlow
>Florida Bar No. 871117
>mbarlow@sbwhlegal.com
>mhbassistant@sbwhlegal.com
>SIVYER BARLOW WATSON
>& HAUGHEY, P.A.
>Truist Place
>401 E. Jackson Street, Suite 2225
>Tampa, FL 33602
>Main: (813) 221-4242
>Fax: (813) 227-8598
>*Co-Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon Robert C. Gilbert, Esq., Daniel E. Tropin, Esq., Kopelowitz, Ostrow Ferguson, Weiselberg & Gilbert, 2800 Ponce de Leon Blvd, Suite 1100, Coral Gables, Florida 33134 gilbert@kolawyers.com, tropin@kolawyers.com, Elizabeth A. Fegan, Esq., Fegan Scott LLC, 150 S. Waker Drive, 2th Floor, Chicago, IL 60606 beth@feganscott.com, Lynn A. Ellenberger, Esq., Fegan Scott LLC, 500 Grant Street, Suite 2900, Pittsburgh, PA 15219 lynn@feganscott.com via e-mail on this 27th day of October, 2022.

>*/s/ Mahlon Barlow*
>Attorney