UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14492-CV-MIDDLEBROOKS/MAYNARD

MICHAEL NOEL, KATHLEEN WIKSTEN, and
CLAIRE LADOUCEUR, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

v.

MHC HERITAGE PLANTATION, LLC,
MHC OPERATING LIMITED PARTNERSHIP,
MHC PROPERTY MANAGEMENT, L.P., MHC
PROPERTY MANAGEMENT GP, LLC, and
EQUITY LIFESTYLE PROPERTIES, INC. f/k/a
Manufactured Home Communities, Inc.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before me upon Defendants' fully-briefed Motion to Strike Expert Report of Jeffrey S. Rothbart in Support of Plaintiffs' Motion for Class Certification ("Motion to Strike"), DE 136; DE 139; DE 153, which has been referred to me for a report and recommendation. DE 154. For the following reasons, I recommend that the Motion to Strike be **DENIED**.

## BACKGROUND

This case stems from disputes involving flooding episodes at a mobile home park. Defendants own and operate Heritage Plantation Mobile Home Park ("Heritage Park") located in Vero Beach, Florida. Heritage Park is "an age 55 or older" mobile home community with over 430 residential lots. Plaintiffs are three mobile homeowners who currently lease lots from Defendants in Heritage Park. In this putative class action, Plaintiffs allege that Defendants breached their duties to them and other Heritage Park residents by failing, among other things, to maintain an adequate stormwater

drainage system. Plaintiffs allege that this failure by Defendants has led to unusually severe flooding episodes and resulting damage to common areas and personal property at Heritage Park dating back to at least 2003.

On December 21, 2021, Plaintiffs filed their original complaint against two Defendants. DE 1. On May 6, 2022, Plaintiffs filed an Amended Complaint to add three more Defendants. DE 49. The Amended Complaint asserts claims for breach of contract, breach of quiet enjoyment, negligence, private nuisance, trespass, and constructive eviction. In their Answers, Defendants deny liability and assert affirmative defenses, including but not limited to statute of limitations; laches; contractual release and waiver; preemption under Florida law; contributory negligence; failure to join the Heritage Village Homeowners Association, Inc. ("HOA")[1] as an indispensable party; and impossibility of performance due to intervening causation. DE 61; DE 84.

The same day they filed their Amended Complaint, Plaintiffs filed a motion seeking to certify a class of "All persons who leased a lot in Heritage Plantation mobile home park since October 6, 2003." DE 50 at 7. Defendants challenge every aspect of this motion. On May 20, 2022, the two original Defendants—MHC Heritage Plantation and Equity Lifestyle Properties—filed a response opposing certification on grounds that Plaintiffs lack standing to pursue class relief, do not propose an ascertainable class, and fail to satisfy any criteria of Rule 23. DE 66 at 10-20. On May 27, 2022, Plaintiffs replied. DE 72.

Later, on June 24, 2022, the three new Defendants—MHC Operating Limited Partnership, MHC Property Management GP LLC, and MHC Property Management L.P.—filed a separate

---

[1] The HOA is the active Florida corporation authorized to act on behalf of all Heritage Park mobile homeowners under the Florida Mobile Home Act ("FMHA"). *See* Fla. Stat. § 723.075(1) (upon incorporation, a mobile homeowners' association represents all mobile home owners in all matters relating to the FMHA, regardless of whether the homeowner is a member of the association).

response opposing class certification. The later response makes similar arguments as the first response regarding standing, ascertainability, and failure to meet Rule 23's requirements, but adds new arguments about adequacy of representation under Rule 23(a)(4). DE 93 at 11-20.[2] On July 14, 2022, Plaintiffs filed an authorized second reply. DE 102.

In their extensive class certification briefing, the parties cite affidavits, declarations, agreements, and reports by the named Plaintiffs, other Heritage Park residents, a Heritage Park on-site Manager, and other professionals in the areas of real estate appraisals, class action settlement administration, and water engineering. One report is authored by Jeffrey Rothbart. DE 50-32. Plaintiffs proffer Mr. Rothbart as a real estate appraisal expert who is qualified to opine on purported class wide damages. The original two Defendants previously filed a *Daubert* motion to strike Mr. Rothbart's expert report for class certification purposes. On June 22, 2022, Judge Middlebrooks issued a comprehensive Order denying this motion to strike and finding that Mr. Rothbart's report satisfied the *Daubert* requirements of qualification, reliability, and helpfulness. DE 90. On October 27, 2022, all Defendants filed a second Motion to Strike the same expert report authored by Mr. Rothbart. DE 136.

## **DISCUSSION**

The Motion to Strike reflects a second attempt by Defendants to strike the same May 5, 2022 report of proffered damages expert, Mr. Rothbart. While conveniently not mentioned by Defendants in their second Motion to Strike, Judge Middlebrooks previously evaluated this same report under *Daubert* and concluded, in relevant part, that:

---

[2] Plaintiffs swiftly moved to strike this separate response as unauthorized. DE 94. On July 8, 2022, Judge Middlebrooks issued an Order denying the motion to strike but authorizing Plaintiffs to file another reply. DE 100. Judge Middlebrooks "question[ed] the timing" of the second response since all Defendants shared the same counsel but declined to strike the filing "in the interest of providing all Defendants with an opportunity to respond" and "[b]ecause the decision of whether to certify this matter as a class action is highly significant with respect to how this litigation will proceed." *Id.* at 2.

> Mr. Rothbart's opinion primarily outlines different methodologies for calculating damages related to relocation costs, overpayment of rent, replacement costs, and loss of use for real property. I am persuaded that his real estate background renders him qualified to opine on these methodologies, even though his experience is not specific to mobile homes.
> …
> Mr. Rothbart has set forth methodologies for calculating damages due to relocation costs, overpayment of rents, replacement costs, and loss of use based on his professional real estate experience. He has explained that the inputs for these formulas will be contained in Defendants' books and records, and from data available in the real estate industry. This is sufficient to satisfy the reliability prong under *Daubert*.
> …
> At the class certification stage, Mr. Rothbart's Report is helpful to the extent that it offers methods, based on Mr. Rothbart's professional experience, for calculating damages on a classwide basis using information contained in Defendants' records and data available in the real estate industry. Of course, in determining what weight to give Mr. Rothbart's opinions, I will consider their weaknesses as identified by Defendants. But none of those weaknesses rise to a level that supports excluding the Report under *Daubert*, and Defendants' Motion is therefore denied.

DE 90 at 5-7.

In the second Motion to Strike, Defendants invoke new alleged grounds. Defendants now argue that Plaintiffs' decision to substitute Mr. Rothbart with another disclosed expert, Stephen Boyle, led to Plaintiffs never providing a final Rule 26(a) expert report for Mr. Rothbart such that "Defendants have never been provided the opportunity to properly challenge [Mr. Rothbart's] opinions." DE 136 at 4. Defendants also argue that Mr. Rothbart's report should be stricken as cumulative with that of Mr. Boyle. *Id.* at 5.

Plaintiffs counter that (1) the Court has already evaluated Mr. Rothbart's methodology and found his report admissible for class certification purposes; (2) Defendants' attempt to reframe the issue under Rule 26 improperly conflates class certification experts with trial experts; and (3) Defendants are not prejudiced because they have had fair opportunities to challenge Mr. Rothbart's opinions in their first motion to strike as well as in their briefing opposing class certification. DE 139


at 5-10. Plaintiffs argue also that the report is not cumulative because Mr. Rothbart will not testify at trial which eliminates any concern about jury confusion. *Id.* at 10 n.4.

I agree with Plaintiffs. Plaintiffs rely upon Mr. Rothbart as an expert solely for class certification purposes. That Plaintiffs later opted to retain another expert in the same subject area for purposes of trial does not mean that Mr. Rothbart's earlier report should be outright stricken. I am aware of no authority holding that an expert retained for class certification purposes must also be retained for trial. Following a thorough gatekeeping analysis, Judge Middlebrooks previously found Mr. Rothbart's opinions on the calculability of class wide damages in this case[3] should not be excluded for class certification purposes. Notably, as part of his ruling, Judge Middlebrooks expressed that Defendants' objections to Mr. Rothbart's report based on alleged material deficiencies in distinguishing between residents and lessees and alleged incorrect application of Florida law regarding damage calculations were "well taken" but that such objections "cut more to the *weight* that should be afforded to Mr. Rothbart's opinions than to their *admissibility* under *Daubert*." DE 90 at 6-7 (emphasis in original).

I find no valid reason to depart from Judge Middlebrooks' decision to admit Mr. Rothbart's report for the purpose of evaluating the parties' arguments for and against class certification. While Defendants recast their second Motion to Strike under the guise of Rule 26 rather than *Daubert*, the conclusion remains the same: Mr. Rothbart's report should not be stricken. The function of an expert in a case like this, where there is an early motion for class certification followed by additional

---

[3] Specifically, Mr. Rothbart "was retained to opine based on [his] experience in the real estate industry [on] whether class-wide damages can be calculated for residents of a mobile home park where promised infrastructure or services were not provided by the mobile home park's owners or operators." DE 50-32 at ¶ 12. Mr. Rothbart concludes that "[c]lass wide-damages can be calculated where Defendants failed to maintain or repair infrastructure in the Park, affecting all Class members," based on his opinions that the following damage categories can be calculated on a class wide basis: (1) costs to move the class's mobile homes; (2) rental overcharges; (3) diminution in property value or replacement costs; and (4) loss of use. DE 50-32.

discovery, is to review the available evidence and interpret that evidence by applying their specialized knowledge and skill vis-à-vis the respective theories in the case. A review of Mr. Rothbart's report demonstrates that he underwent this evaluative process and issued opinions based on the available information he had at the time of his May 5, 2022 report, which coincided with the filing of Plaintiffs' Motion for Class Certification on May 6, 2022. His report is "helpful to the extent that it offers methods … for calculating damages on a classwide basis[.]" DE 90 at 7. Through Mr. Rothbart's report, Plaintiffs seek to establish that damages can be shown as to all members of the proposed class through common proof for purposes of class certification. Defendants have had full and ample opportunity to test Mr. Rothbart's methodology and challenge his opinions, and previously raised "well taken" objections that can be considered in weighing Mr. Rothbart's report. *Id.* at 7. Although Mr. Rothbart offers opinions on methods to calculate class wide damages, Mr. Rothbart himself will not actually be the one to calculate these damages or testify to them at trial. These considerations go to weight, rather than admissibility, however. I find no valid grounds to exclude Mr. Rothbart's report and opinions and thus recommend that the Motion to Strike be denied.

## RECOMMENDATION

Based on the foregoing, I respectfully **RECOMMEND** that the Motion to Strike, DE 136, be **DENIED**.

## NOTICE OF RIGHT TO OBJECT AND SHORTENED OBJECTIONS PERIOD

Because this referred motion has been pending for a long time, and to promote judicial economy and finality to the parties, a prompt resolution is required. As such, I find it necessary and appropriate to shorten the time for any objections pursuant to Southern District of Florida Magistrate Judge Rule 4(a). Accordingly, the parties shall have TEN (10) DAYS from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with

U.S. District Judge Donald M. Middlebrooks.  *See* 28 U.S.C. § 636(b)(1)(C); S.D. Fla. Mag. J. R. 4(a).  Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).  **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within FIVE (5) DAYS of the date of this Report and Recommendation.**

      **DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 24th day of February, 2023.

*[signature]*
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE