UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

MICHAEL NOEL, KATHLEEN WIKSTEN, and CLAIRE LADOUCEUR, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

MHC HERITAGE PLANTATION, LLC,
MHC OPERATING LIMITED PARTNERSHIP,
MHC PROPERTY MANAGEMENT, L.P.,
MHC PROPERTY MANAGEMENT GP, L.L.C.,
and EQUITY LIFESTYLE PROPERTIES, INC. f/k/a MANUFACTURED HOME COMMUNITIES, INC.,

    Defendants.
_____/

No.: 2:21-cv-14492-DMM

**PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION CONCERNING JEFFREY S. ROTHBART**

Plaintiffs Michael Noel, Kathleen Wiksten, and Claire Ladouceur respond to Defendants' objections to the Report and Recommendation regarding Jeffrey S. Rothbart ("Objections") [DE 194].

## I.    INTRODUCTION

On February 24, 2022, the Magistrate Judge issued a Report and Recommendation Concerning Jeffrey S. Rothbart ("Rothbart R&R") [DE 191]. Defendants' Objections to the Rothbart R&R should be overruled.

First, contrary to Defendants' assertion, the Rothbart R&R did not summarily dismiss Defendants' arguments in their motion because it was Defendants' *second* challenge to Mr. Rothbart's report. Instead, the Rothbart R&R duly considered and rejected each argument made by Defendants and found that there is nothing in the case law that suggests a party has to use the same expert for class certification and trial.

Second, Fed. R. Civ. P. 26(a)(2) was not violated because Mr. Rothbart will not be testifying at trial, and Rule 26(a)(2) applies to trial witnesses. Third and relatedly, because Mr.

Rothbart is not Plaintiffs' trial expert, Rule 37(c)(1)'s sanction of exclusion of his testimony is not appropriate because it only applies to failures to disclose under Rule 26(a) for trial experts.

Finally, Defendants' objection, that Plaintiffs' reliance on expert evidence supporting class-wide damages at the class certification stage that is materially different than the evidence Plaintiffs intend to present at trial, is not an accurate or valid objection. The considerations at class certification are undoubtedly and materially different than the considerations at trial.

## II.  PROCEDURAL HISTORY

Plaintiffs' Revised Motion for Class Certification [DE 50] was supported by declarations of three experts, one of whom was Jeffrey Rothbart, a real estate appraiser and damages expert, who opined that certain categories of Plaintiffs' damages can be determined on a class-wide basis [DE 50-32]. In Defendants' two oppositions to Plaintiffs' Revised Motion for Class Certification, Defendants did not offer any expert testimony to counter Mr. Rothbart's opinions [DE 66, DE 93]. Instead, Defendants filed *two* motions to exclude Mr. Rothbart's testimony.

First, on May 20, 2022, Defendants MHC Heritage Plantation, LLC and Equity Lifestyle Properties, Inc. filed a Motion to Strike Expert Report of Jeffrey S. Rothbart in Support of Plaintiffs' Motion for Class Certification [DE 60]. On June 23, 2022, this Court denied that motion, finding that Mr. Rothbart's opinions for purposes of class certification satisfied the *Daubert* standard [DE 90]. This Court found that, for purposes of class certification, Mr. Rothbart is qualified, his opinions are reliable, and his opinions would be helpful. *Id.*

Four months later, on October 27, 2022, Defendants filed a second motion to strike Mr. Rothbart's report [DE 136], although they "conveniently" failed to mention their first motion. [DE 191]. That motion was referred to the Magistrate Judge [DE 154].  On February 25, 2022, the Magistrate Judge issued the Rothbart R&R, recommending that Defendants' motion to exclude Mr. Rothbart be denied [DE 191]. Plaintiffs filed a non-objection to the Rothbart R&R [DE 193], and Defendants filed the Objections at issue [DE 194].

## III.  STANDARD

In reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). When a party makes specific objections to a magistrate judge's report and recommendation, the district court engages in *de novo* review of the issues raised. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "A District Judge shall make a

2

*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." S.D. Fla. L. Mag. R. 4(b). A *de novo* review means the district court "give[s] fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). Also, a magistrate judge's conclusions of law are reviewed *de novo*, even in the absence of an objection. *See Cooper-Houston v. S. Ry.*, 37 F.3d 603, 604 (11th Cir. 1994).

## IV.     RESPONSE TO OBJECTIONS

### A.     The Rothbart R&R fully analyzed Defendants' arguments.

Defendants suggest that the Rothbart R&R did not properly analyze the arguments because the Magistrate Judge improperly viewed them as nothing more than a repeat of Defendants' prior *Daubert* motion to exclude Rothbart's opinions. DE 194 at 2. Defendants' argument is plainly incorrect; although the Rothbart R&R noted that Defendants' motion represented their second attempt to exclude Mr. Rothbart's opinions (DE 191at 3), it was not denied on that basis. Instead, the Rothbart R&R fully considered and rejected Defendants' arguments.

Defendants point to "two events [that] occurred that form the basis for Defendants' (Second) Motion…." DE 194 at 1. First, according to Defendants, Plaintiffs did not identify Mr. Rothbart as a testifying trial expert, and second, Plaintiffs identified a new damages expert, Mr. Boyle. *Id.* at 1. The Rothbart R&R specifically recognized that "Defendants invoke new alleged grounds" in their second motion (DE 191 at 4), and the Rothbart R&R addresses both arguments.

The Rothbart R&R recognized that Mr. Rothbart's opinions were offered for class certification only, and that Mr. Boyle is Plaintiffs' trial expert. Rothbart R&R at 5. The Rothbart R&R correctly found that "Plaintiffs rely upon Mr. Rothbart as an expert solely for class certification purposes." *Id.* at 5. The Rothbart R&R noted that since Mr. Rothbart would not be testifying at trial, there was no need to strike his earlier opinions: "That Plaintiffs later opted to retain another expert in the same subject area for purposes of trial does not mean that Mr. Rothbart's earlier report should be outright stricken." *Id.* In reaching this conclusion, the Rothbart R&R noted: "I am aware of no authority holding that an expert retained for class certification purposes must also be retained for trial." *Id.* Notably, Defendants did not cite any case in their

second motion that imposes such a requirement. *See* DE 136. The arguments in Defendants' motion were fully evaluated and not summarily rejected in the Rothbart R&R.

**B.   Rule 26(a)(2) did not apply because Mr. Rothbart was not designated to testify at trial.**

Defendants claim that "[i]t is … without dispute that Plaintiffs did not comply with Rule 26(a)(2)" and object to the Rothbart R&R "to the extent it fails to recognize this deficiency or establish any consequence for it." DE 194 at 2. Defendants claim that Plaintiffs should have identified Mr. Rothbart as a trial expert pursuant to Rule 26(a)(2) and produced his expert report at the same time Plaintiffs disclosed their other trial experts. *Id.* at 2-3.

Defendants' objection is without merit. Rule 26(a)(2) by its plain language only applies to trial experts. Fed. R. Civ. P. 26(a)(2) ("a party must disclose to the other parties the identity of any *witness it may use at trial*….") (emphasis added). Because Mr. Rothbart will not be testifying at trial, this rule did not apply. Mr. Rothbart offered opinions solely for class certification purposes, and his information and opinions were timely provided to Defendants months before the required disclosure of trial experts.

Additionally, Defendants' complaints of prejudice due to what they perceive as a procedural impropriety ring hollow since they challenged Mr. Rothbart's class certification opinions. DE 60. This Court undertook "a thorough gatekeeping analysis" (DE 191 at 5), assessing Mr. Rothbart's opinions pursuant to *Daubert.* DE 90. "Defendants have had full and ample opportunity to test Mr. Rothbart's methodology and challenge his opinions…." Rothbart R&R at 6. And not only did Defendants have one opportunity to challenge Mr. Rothbart – they had two.

**C.   Exclusion pursuant to Rule 37(c)(1) is not warranted since Mr. Rothbart is not a trial expert.**

Defendants also object to the Rothbart R&R because it does not address their argument that Mr. Rothbart's opinions should have been excluded pursuant to Rule 37(c)(1). DE 194 at 3.

This objection is similarly misplaced. Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Here, the Rothbart R&R correctly found that Mr. Rothbart is not a trial expert witness (DE 191 at 5), and so Rule 26(a) does not apply. Accordingly, there is no basis for exclusion under Rule 37(c)(1).

Defendants' reliance on *Romero v. Drummond Co.*, 552 F.3d 1303, 1323–24 (11th Cir. 2008) and *Predelus v. Atain Specialty Ins. Co.*, No. 21-23382-civ, 2022 U.S. Dist. LEXIS 190978, 2022 WL 11202228 (S.D. Fla. Oct. 19, 2022) (DE 194 at 3) does not change the result because neither involved an expert offered only for class certification, as in the instant case. In *Romero*, the court found that plaintiffs' experts were properly excluded from testifying at trial because their reports consisted of one paragraph and did not contain the six elements of information required by Rule 26(a)(2)(B). *Romero*, 552 F.3d at 1323-24. In *Predelus*, the court *denied* the motion to strike, especially where defendants did not suffer meaningful harm. *Predelus*, 2022 U.S. Dist. LEXIS 190978, at *9-13. So too here. Even assuming *arguendo* that Rule 26(a)(2) and Rule 37(c)(1) apply to class certification expert Jeffrey Rothbart – they do not – Defendants cannot legitimately claim harm or prejudice justifying exclusion under Rule 37(c)(1) because Mr. Rothbart *was disclosed to Defendants* when his report was attached to the class certification motion *months before the deadline to disclose trial witnesses*. [DE 50-32]. This early disclosure gave Defendants ample opportunity to counter Mr. Rothbart's expert opinions with an expert of their own – which they chose not to do – and to challenge his opinions through motion practice, which they did twice. Defendants' argument about Plaintiffs' noncompliance with Rule 26(a)(2) and Rule 37(c)(1) is a red herring.

**D.   Mr. Rothbart is the expert who supports Plaintiffs' revised motion for class certification, and Mr. Boyle is the trial expert.**

Defendants' final objection is that Mr. Rothbart's opinions should be excluded since Plaintiffs are not substituting one expert for another since each expert has different opinions. DE 194 at 3-4. Defendants suggest that "relying on evidence supporting 'class-wide' damages at the class certification stage that is materially inconsistent with the evidence they plan to rely upon [a]t trial" is somehow improper. *Id*. at 4.

This objection directly contradicts what Defendants argued in their motion to strike, that Mr. Boyle's report is cumulative of Mr. Rothbart's:

> Mr. Boyle's field of expertise is the same as Mr. Rothbart's – real estate appraisal – and his report contains the same types of opinions and conclusions regarding damages that Mr. Rothbart promised to provide in his preliminary report…. It would be improper to allow Plaintiffs to have two testifying experts on the same subject matter.

5

DE 136 at 5. Now, in a turnaround, Defendants "object to the Report to the extent it assumes that Plaintiffs are merely substituting one real estate appraiser for another," and that "Mr. Rothbart and Mr. Boyle offer very different opinions, including as to the type of damages available and the methodology for calculating them." DE 194 at 3-4.

This objection is without merit. As an initial matter, while there may be some differences in their opinions, Plaintiffs' trial expert Stephen Boyle employed Plaintiffs' class certification expert Jeffrey Rothbart's three out of four categories for calculating damages in his Rule 26(a)(2)(B) report. [DE 139-2]. Specifically, Mr. Boyle calculates class-wide damages based on the categories identified by Mr. Rothbart – diminution in value, relocation costs and loss of use. *Id*. Thus, the opinions are not "materially different." Further, the requirements for class certification are unique and limited to Rule 23. And this Court undertook a *Daubert* analysis before considering Mr. Rothbart's opinions for class certification [DE 90]. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013). Pursuant to *Comcast Corp.*, 569 U.S. at 35, Plaintiffs have no obligation to calculate their damages with certitude at the class certification stage, and so not surprisingly, an expert's opinions offered at trial may indeed be somewhat different. The Rothbart R&R correctly found that "Mr. Rothbart offers opinions on methods to calculate class wide damages, [but] Mr. Rothbart himself will not actually be the one to calculate these damages or testify to them at trial." DE 191 at 6. Instead, at trial, Mr. Boyle will provide opinions supporting Plaintiffs' damages calculations. There is nothing improper with such procedure especially where Defendants fail to cite any authority mandating that "an expert retained for class certification purposes must also be retained for trial." *Id.* at 5.

## V. CONCLUSION

Based on the foregoing, Plaintiffs request that this Court overrule Defendants' objections to the Rothbart R&R in their entirety and for such other and further relief as is just and appropriate.

Dated: March 14, 2023.

Respectfully submitted,

By: */s/ Robert C. Gilbert*
ROBERT C. GILBERT, FBN 561861
gilbert@kolawyers.com
DANIEL E. TROPIN, FBN 100424
tropin@kolawyers.com
KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT
2800 Ponce de Leon Blvd., Ste. 1100
Coral Gables, FL 33134
Telephone: (305) 384-7269

ELIZABETH A. FEGAN (admitted *pro hac vice*)
beth@feganscott.com
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100

LYNN A. ELLENBERGER (admitted *pro hac vice*)
lynn@feganscott.com
FEGAN SCOTT LLC
500 Grant St., Suite 2900
Pittsburgh, PA 15219
Telephone: (412) 346-4104
Facsimile: (312) 264-0100

*Attorneys for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 14, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                    /s/ *Robert C. Gilbert*
                                                    Robert C. Gilbert