**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO: 21-14492-CV-MIDDLEBROOKS

MICHAEL NOEL, et al.,

    Plaintiffs,

v.

MHC HERITAGE PLANTATION, LLC, et al.,

    Defendants.

---

## ORDER DENYING PLAINTIFF CLAIRE LADOUCEUR'S MOTION FOR LEAVE TO FILE RENEWED MOTION FOR CLASS CERTIFICATION (DE 206)

THIS CAUSE comes before the Court on Plaintiff Claire Ladouceur's Motion for Leave to File a renewed motion for class certification, filed on May 8th, 2023 (DE 206). Having reviewed the motion, Defendant's Response (DE 207), and Plaintiff's Reply (DE 208), this matter is now ripe for decision. For the following reasons, Plaintiff's motion is DENIED.

### BACKGROUND:

The facts of this case are well-known to the Parties and are set out more fully in Judge Maynard's Report and Recommendation (DE 192) which was entered on February 24, 2023. (DE 192). In her report, Judge Maynard recommended the denial of class certification which was ultimately fully adopted by this Court on March 23, 2024. (DE 202). Plaintiffs' proposed class failed for various reasons. Among them, Plaintiffs failed to meet the Rule 23(a)(4) adequacy requirement, and as an alternative, failed to meet the other Rule 23(b) alternative certification options. (DE 192 at 20). In her denial, Judge Maynard suggested the possibility that a more tailored class certification approach, "narrowed to current residents and a more discrete time frame" could render Plaintiffs' proposed class action an "appropriate vehicle."

(DE 192 at 32).

Plaintiff Ladouceur followed Judge Maynard's suggestion and filed her own Motion for Leave to file a renewed class certification motion. (DE 206). In her motion, Ladouceur seeks to sever a single count, a breach of contract claim, from the rest of the counts of Plaintiffs' Amended Class Action Complaint (DE 49) and file this action under the class certification title. (DE 206 at 2). In doing so, she asks to proceed as sole class representative on the contract claim, on behalf of all current residents at the Heritage Plantation Mobile Home Park, limiting damages to the time period of five years preceding the filing of this action, on or around December 21, 2016. (DE 206 at 8).

Ladouceur's motion is primarily based on the argument that new evidence has been uncovered since Plaintiffs' first motion for class certification (DE 50), filed on May 6, 2022, and that this evidence was not duly considered by the court because the filings for the original class certification motion preceded the discovery of this evidence. (DE 206 at 4 and 8).

According to Ladouceur, the new evidence consists of the following four "material evidentiary developments" (DE 26 at 5-6):

1. The Deposition of the Rule 30(b)(6) corporate representative for all five Defendants, Brett Hattel, Senior Vice President of Asset Management for Defendant Equity Lifestyle Properties, Inc. ("ELS") on June 15, 2022.

2. The Depositions of two mobile park residents, Richard ("Dick") Bruce (taken on May 27, 2022) and William ("Bill") Shield (taken on June 6, 2022).

3. The Expert Report of Plaintiffs' water resources engineer, Robert Ross, P.E., submitted on October 7, 2022.

4. The Expert report of Plaintiffs' real estate appraiser expert, Stephen J. Boyle,

2

MAI, submitted on October 10, 2022.

Plaintiff alleges that these four "material evidentiary developments occurred after the class certification motion was filed that inform[ed] the propriety of the Magistrate Judge's class certification ruling." (DE 206 at 5). She cites several noncontrolling district court cases for the proposition that courts within this district can reconsider their initial denials of class certification based on the addressing of failings in prior class certification motions, such as the discovery of new evidence. *See* DE 206 at 6-7, citing *Terrill v. Electrolux Home Prods.*, 274 F.R.D. 698, 700 (S.D. Ga. 2011); *Signor v. Safeco Ins. Co.*, No. 19-61937-CIV, 2021 U.S. Dist. LEXIS 210766, at *10-11 (S.D. Fla. July 20, 2021).

Ladouceur's motion is brought under Fed. R. Civ. P. 23(c)(1)(C) which allows this Court the ability to alter or amend its previous order granting or denying class certification at any point before final judgment. *See* Fed. R. Civ. P. 23(c)(1)(C). Thus, because she has tailored her class certification motion in accordance with Judge Maynard's narrowing suggestion, and because the four new pieces of evidence were "not available at the time the original motion was filed" (DE 206 at 11), Ladouceur believes that this Court should grant her leave to file a renewed motion for class certification under the rule. Finally, Plaintiff Ladouceur promises additional judicial resources will not be wasted because her motion "will not require additional pleadings nor additional discovery." (DE 206 at 12).

Defendants contest Ladouceur's motion in a variety of ways, not all of which I need to address here. First, Defendants complain of litigation gamesmanship by Ladouceur. After Plaintiffs pursued a failed strategy of class certification on two previous occasions, Defendants claim that this latest attempt by Ladouceur is simply an attempt to open the briefing and evidentiary record for a third time at determining class certification. (DE 207 at 3). Defendants

assert hypocrisy by Plaintiffs who previously represented to this Court that the evidentiary record and briefing on class certification were complete on numerous occasions when Defendants themselves had tried to reopen the record. (DE 207 at 6-7). Defendants appear to make this argument as a matter of fairness, but also based on the belief that making such statements before this Court are binding upon Plaintiffs and cannot be undone. (DE 207 at 2).

Second, Defendants characterize Ladouceur's primary basis for her Rule 23(c)(1)(C) motion, her newly uncovered evidence, as misleading, and claim that most, if not all of this evidence had been previously considered by this Court through various rulings. (DE 207 at 3-4). Because of this, Defendants state that Ladouceur cannot meet the standard for reconsideration that also requires a separate Rule 16(b)(4) good cause scheduling modification by this Court.

Third, Defendants assert that granting class certification for this single breach of contract claim makes no legal sense. If the court were to grant this motion, they state, only one of the six claims asserted would be certified for class treatment, and the breach of contract claim itself only involves one of the five Defendants, as the other parties are not privy to the contract at issue. (DE 207 at 3-5). Defendants add that the proposed class is futile because the new class Ladouceur proposes will not satisfy the requirements of Rule 23(b)(3) for class certification. (DE 207 at 17).

Finally, if Plaintiff's motion for leave were granted, Defendants state this would require the entire lawsuit to be drastically changed, and present additional thornier issues for this court to resolve. Defendants label this motion by Ladouceur as a "paradigm shift in the nature of the case" (DE 207 at 2) because the new class Ladouceur has proposed varies from the class proposed in the complaint. If Ladouceur's motion is granted, Defendants suggest it would also require this Court to allow for Plaintiffs to amend their complaint and re-plead their claims entirely. For all these reasons, Defendants urge this Court to deny Plaintiff's motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 23(c)(1)(C) states, "An order that grants or denies class certification may be altered or amended [by the district court] before final judgment." Fed. R. Civ. P. 23. This power "is critical, because the scope and contour of a class may change radically as discovery progresses and more information is gathered about the nature of the putative class members' claims." *Carriuolo v. General Motors Co.*, 823 F.3d 977, 988 (11th Cir. 2016) (citing *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1273 (11th Cir. 2000); *see also Prado-Steiman ex rel. Prado* at 1273 (noting that district courts should be allowed to "fine-tune its class certification order rather than opening the door too widely to interlocutory appellate review."). "Ultimately, the district court has ample discretion to consider (or decline to consider) a revised class certification motion after an initial denial." *In re initial Pub. Offering Sec. Litig.*, 483 F.3d 70, 73 (2d Cir. 2007) (internal quotations omitted).

There is no Eleventh Circuit controlling precedent that cabins, constrains, or guides the discretion of this court in ruling on a Rule 23(c)(1)(C) motion. *See Signor v. Safeco Ins. Co.*, No. 19-61937-CIV, 2021 U.S. Dist. LEXIS 210766, at *6 (S.D. Fla. July 20, 2021) (discussing the lack of standard for reviewing a renewed motion for class certification after an initial denial within the Eleventh Circuit). Thus, "it appears that district courts retain wide discretion to grant or deny consideration of a renewed motion for class certification[.]" *Signor v. Safeco Ins. Co.*, No. 19-61937-CIV, 2021 U.S. Dist. LEXIS 210766, at *8 (S.D. Fla. July 20, 2021); *Cabrera v. Gov't Emps. Ins. Co.*, No. 12-61390-CIV, 2015 WL 464237, at *5 (S.D. Fla. Jan. 16, 2015) ([T]he Court retains broad discretion to alter or amend an order denying class certification[.]"). In other circuits, this appears to be the norm as well. *See e.g.*, *In re initial Pub. Offering Sec. Litig.*, 483 F.3d at 73 (2d Cir. 2007) ("Ultimately, the district court has ample discretion to consider (or

decline to consider) a revised class certification motion after an initial denial").[1] In short, I can discern no clear constraints upon this Court in making its decision on this motion.

As has been helpfully briefed, there is at least some guidance for what criteria can be considered when ruling on a Rule 23 motion to renew a request for class certification. The soft criteria: "some justification," which can include new evidence, changed circumstances, or another compelling reason necessary for a court to revisit a prior denial of class certification. *Signor*, U.S. Dist. LEXIS 210766, at *7; *Cabrera*, 2015 WL 464237, at *4 (reciting the factors). In addition, compelling reasons can include "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cabrera*, 2015 WL 464237, at *4. In the absence of such factors, courts are especially cautious about granting Plaintiffs a second bite at the class certification apple, especially where it appears that the party or parties are merely rearguing the same issues. *See Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 597 (W.D. Wash. 2013) (denying Plaintiff's motion for leave to file a second motion for class certification because they "have identified no changed circumstances that would warrant a second motion for class certification" and that the only changes evident in the case was the court's denial of their first motion for class certification and the denial of their motion for reconsideration). Importantly, this judicial reluctance extends to cases where the

---

[1] Other circuits have deferential standards of review of district court Rule 23 decisions. *See Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir. 1983) ("Under Rule 23 the district court is charged with the duty of monitoring its class decisions in light of the evidentiary development of the case…[i]t follows that class certification decisions must be protected by a level of [appellate] review that accords substantial discretion [to the district court.]"); *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 663 (9th Cir.), *cert. denied sub nom. StarKist Co. v. Olean Wholesale Grocery Coop., Inc., On Behalf of Itself & All Others Similarly Situated*, 143 S. Ct 424 (2022) (stating that the Ninth Circuit reviews "any particular underlying Rule 23 determination involving a discretionary determination" under the deferential abuse of discretion standard) (internal quotations omitted).

parties are relying on facts or theories which were previously available to them and instead are making a tactical decision to raise issues at later stages of the case that could have been brought at an earlier time. *See Washington v. Vogel*, 158 F.R.D. 689, 692 (M.D. Fla. 1994) (declining reconsideration of a denial of class certification under the premise that counsel failed to consider an alternative means of obtaining certification; this did not constitute a changed circumstance and instead was merely a tactical decision); *Mogel v. UNUM Life Ins. Co. of Am.*, 677 F. Supp, 2d 362, 365 (D. Mass. 2009) ("late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."); *Cabrera*, 2015 WL 464237, at *5 (quoting *Mogel*).[2]

Lastly, in exercising its discretion, courts balance various other contravening factors including undue delay, bad faith, or dilatory motive on the part of the movant, undue prejudice to any party, and the interest of proceeding to the merits of the case. *Cabrera*, 2015 WL 464237, at *4 (considering such factors and citing other courts who considered such factors in their analysis). In short, this "Court has ample discretion to consider (or decline to consider) a revised class certification motion after initial denial." *Cabrera*, at *4. With this standard in mind, I turn to analyzing the arguments before me.

## ANALYSIS

Based on the briefing and my analysis of the relevant documents and caselaw, I find that Ladouceur has not met the "some justification" standard for reconsideration under Rule

---

[2] Notably, there is at least one circuit, the Third, that does not require additional new evidence, a change or law, or some additional justification for a party to succeed on a renewed motion for certification. *See Hargrove v. Sleepy's LLC*, 974 F.3d 467, 477 (3d Cir. 2020) ("Plaintiffs can succeed on a renewed motion for class certification if they more clearly define their proposed class even if there has been no change in law and no evidence produced."). But as previously mentioned, the Eleventh Circuit has not spoken on this issue.

23(c)(1)(C).

First and foremost, the purported "new evidence" cited to by Ladouceur, the foremost justification of her motion, is not actually new evidence. As Defendant points out, the three depositions of the 30(b)(6) corporate representative, Brett Hattel, and the two residents of the mobile park, William Shield and Richard Bruce, all occurred before the reply briefing was due for the original class certification motion. Although Plaintiffs filed their Rule 23 motion on May 6, 2022 (DE 50), the final Reply to Defendant's June 24, 2022 Response in Opposition (DE 93) was filed on July 14, 2022 (DE 102). The three depositions occurred on May 27, June 6, and June 15, 2022, respectively. Plaintiffs rebut this fact by arguing that these depositions "took on added importance after the Magistrate Judge issued her report and recommendation denying class certification" in February of 2023. (DE 208 at 4). Even paying heed to this fact, this evidence was *relied upon by both parties*, and thus considered by this Court across various filings well before the Magistrate Judge's ruling. The depositions of Shield and Bruce were quoted in Defendants' opposition to class certification at DE 91-3, 91-5, and 93 at 7 ("One – Dick Bruce – described HPAC as 'a greedy bunch of bums that want money for nothing.'"). Plaintiffs themselves attached an excerpt of Mr. Hattel's deposition to their July 14, 2022 Reply in support of their original motion to certify class and cited his testimony there as well. *See* DE 102 at 4, DE 102-1 ("In 2022, months after this lawsuit was filed, ELS finally began making repairs to the Park's storm water system. Deposition of Brett Hattel at 51:9-12, excerpts of which are attached to the Ellenberger Decl. at Ex. B."). Most importantly, these depositions were able to be addressed by the Plaintiff in the record even *after* Judge Maynard's report (DE 192) on February 24, 2023. Both parties filed various responses to the magistrate's Report & Recommendation. There were

a total of five briefs filed between March 6, 2023 and March 20, 2023.[3] In their objections to Judge Maynard's Report & Recommendation denying class certification, Plaintiffs Noel, Wiksten, and *Ladouceur* cited to Mr. Hattel's deposition. (DE 196 at 6). And they cited to the depositions of Shield and Bruce as well. (DE 196 at 15). No matter which way Ladouceur frames it, she had the opportunity to use her deposition evidence at numerous stages of this litigation.

With regards to evaluating the expert reports, I agree with Defendants that by the time Judge Maynard's decision was issued in February of 2023, both Plaintiffs' expert reports had been in the record for months. I extend my reasoning for the depositions to that of the expert reports.

Thus, regardless of Plaintiff's characterization of the evidence as "newly discovered," this evidence was clearly in existence, briefed, and considered by this court at some point before this Rule 23(c)(1)(C) motion leave to renew the request for class certification. By definition, it does not constitute new evidence. Instead, the new use of this evidence points to a tactical shift, rather than a changed circumstance. Plaintiff's apparent regret regarding the tactical decision not to propose a narrower class sooner is not sufficient grounds for this court to grant Plaintiff leave to file a renewed motion for class certification (*see Cabrera*, 2015 WL 464237, at *6 (finding a renewed motion for class certification unpersuasive where a plaintiff appeared to only be seeking certification of a newly defined class when their previous class certification strategy did not work); *see also Signor*, at *12 (citing *Cabrera* for proposition). None of the "new" evidence brought forth constitutes a changed circumstance that makes my initial denial of Plaintiff's motion worth revisiting.

---

[3] Defendants' objections (DE 195 and DE 200) were filed 03/06/2023 and 03/14/2023, respectively. Plaintiffs' objections (DE 196, DE 199, and DE 201) were filed 03/06/2023, 03/14/2023, and 03/20/2023, respectively.

In short, simply pointing to Judge Maynard's suggestion that a narrower class group might have been a viable path to class certification and citing to evidence that had been raised previously is not sufficient to persuade me that Plaintiff should be able to file a renewed motion. In light of this conclusion, I need not reach the various other issues raised by Defendant, such as whether the complaint would need to be amended or whether a Rule 16 motion should have been brought.

## CONCLUSION:

Accordingly, it is **ORDERED and ADJUDGED** that

(1) Plaintiff's Motion for Leave to File Renewed Motion for Class Certification (DE 206) is **DENIED.**

**SIGNED**, in Chambers, at West Palm Beach, Florida, this 17 day of July, 2023.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record